IN THE SUPREME COURT OF THE STATE OF DELAWARE

WARREN D. WILSON, § 
§ No. 472, 2023
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 2104016453 (K)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: February 23, 2024
Decided: April 8, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Warren D. Wilson, filed this appeal from the Superior Court's November 27, 2023 order denying his motion for correction of an illegal sentence. The State has moved to affirm the conviction below but laudably concedes that the Level V portion of Wilson's sentence for resisting arrest exceeds the statutory maximum penalty. We agree and, accordingly, decline Wilson's invitation to vacate his conviction for resisting arrest but remand the matter to the Superior Court to issue a modified sentencing order.

(2)     On March 30, 2022, Wilson pleaded guilty to one count of felony resisting arrest, a class G felony, and one count of driving under the influence of drugs.  The Superior Court immediately sentenced Wilson as follows: for resisting arrest, to three years of incarceration, suspended for one year of Level II probation; and for driving under the influence, to one year of incarceration, suspended for one year of Level II probation.  Wilson did not appeal his convictions or sentence.

(3)     On May 27, 2022, the Superior Court found that Wilson had violated the terms of his probation and sentenced him as follows: for resisting arrest, to three years of incarceration, suspended after one year and the successful completion of a Level V treatment program followed by decreasing levels of supervision; and for driving under the influence, to one year of incarceration, suspended after one year of Level III probation.[1]  Wilson did not appeal.

(4)     Between August 2022 and September 2023, Wilson filed four motions for sentence modification or review, all of which were denied.  In September 2023, Wilson filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), arguing that the Level V portion of his sentence for resisting arrest exceeds the statutory maximum term of two years.  The Superior Court denied the motion as an impermissible repetitive motion for sentence modification.  Wilson did not appeal.

---

[1] The Superior Court also discharged Wilson from probation as unimproved in an unrelated case.

(5)     On November 27, 2023, Wilson filed another motion for correction of illegal sentence, again arguing that the Level V portion of his sentence for resisting arrest exceeds the statutory maximum term of two years.  The Superior Court denied the motion, finding that (i) it was an impermissible repetitive request for sentence modification, (ii) Wilson was not amenable to probation at this time, and (iii) the sentence remains appropriate for the reasons stated at sentencing.  This appeal followed.

(6)     In his opening brief on appeal, Wilson argues, as he did below, that his sentence for resisting arrest exceeds the statutory maximum penalty of two years for a class G felony,[2] and that his conviction must therefore be vacated.

(7)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3]  To the extent a claim involves a question of law, we review the claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

---

[2] *See* 11 *Del. C.* § 1257(a) ("Resisting arrest with force or violence is a class G felony."); *id.* § 4205(b)(7) (limiting the term of incarceration for a class G felony to two years).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(8)   As the State concedes, Wilson's sentence for resisting arrest exceeds statutory limits and must be corrected.  However, Wilson's argument that his conviction must be vacated is without merit.  A Rule 35(a) motion presupposes the existence of a valid conviction and is not a means to mount a collateral attack on the underlying conviction.[6]  Accordingly, the appropriate remedy is to remand this matter to the Superior Court for the issuance of a new sentencing order that reduces the Level V portion of Wilson's sentence for resisting arrest sentence to two years.

NOW, THEREFORE, IT IS ORDERED that the matter is hereby REMANDED to the Superior Court with directions to enter a modified sentencing order in accordance with this Order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] *Id.*